# Laughlin, Appellant, v. Mt. Carmel & Locust Gap Transit Company.

*Practice, Supreme Court—Paper books—Pleadings—Testimony —Act of May 11, 1911, P. L. 279.*

1. Where the paper book of appellant in the Supreme Court does not contain the body of the evidence, every assumption will be made in favor of a state of facts which would sustain the action of the court below. When counsel desire to take advantage of the Act of May 11, 1911, P. L. 279, giving permission to exclude "any part of the evidence appearing in the transcript," they must keep in mind that this legislation applies only to such portions of the record as are immaterial to the points brought up for review, and they must not omit parts essential or helpful to a proper determination of the issues of law to be considered by the Supreme Court; an appellant has no right under this act to omit to print pleadings or other writings filed of record in the court below that relate to the appeal or bear upon the questions thereby sought to be raised.

*Negligence—Street railway companies—Contracts with other companies—Liability for accidents.*

2. In an action to recover damages for personal injuries, where it appeared that defendant street railway company had entered into a contract with another street railway company, by which for a stipulated sum the latter furnished electric power, employees and some of the cars for transportation of passengers, over a route consisting of defendant's line and a small portion of the line of the other company, and that under this contract the latter maintained, operated and controlled defendant's line, the lower court committed no error in directing a verdict for defendant, it further appearing that plaintiff was injured while a passenger upon a car belonging not to the defendant, but to the other street railway company, on the latter's tracks, in the care and custody of its employees, and while riding upon a ticket purchased from it. In such case the defendant railway company could not be held responsible for the damage suffered.

Argued April 15, 1913. Appeal, No. 168, Jan. T., 1913, by plaintiff, from judgment of C. P. Northumberland Co., May T., 1912, No. 30, on verdict for defendant

in case of Joseph J. Laughlin v. Mt. Carmel and Locust Gap Transit Company. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before CUMMINGS, P. J.

The opinion of the Supreme Court states the facts.

Verdict for defendant by direction of the court, and judgment thereon. Plaintiff appealed.

*Error assigned* was in giving binding instructions for the defendant.

*L. S. Walter* and *J. A. Welsh,* with them *John I. Welsh,* for appellant.

*Voris Auten,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, May 22, 1913:

This action was instituted to recover damages for physical injuries suffered by the plaintiff, alleged to be due to the negligence of the defendant railway company. The court below instructed the jury to render a verdict for the defendant upon the ground that the wrong corporation had been sued. The single assignment of error complains of this instruction.

The appellant's paper book does not contain any of the pleadings and nowhere shows that judgment was entered on the verdict; furthermore, it entirely omits all the testimony on the plaintiff's side of the case, and simply submits for our consideration that of one witness called by the defendant. The body of the evidence not having been brought up, every assumption must be made in favor of a state of facts that would sustain the action of the court below; from the evidence submitted, in connection with the plaintiff's declaration (printed in the paper book of the appellee) and statements of his counsel made at bar in reference to the

railway ticket used by the appellant, the material facts in the case, and the question involved, may be stated as follows: Where A (the defendant corporation), an electric street railway, enters into a contract with B, a corporation of similar character, under which, for a stipulated annual sum, B furnishes the electric power, the employees and some of the cars for the transportation of passengers over a route consisting of A's line and a small portion of B's own line, and under which B maintains, operates and controls A's line, is A the proper defendant in a suit by one claiming damages as a passenger, where the plaintiff purchased a ticket from B, issued by B, and bearing B's name, and at the time of the injury was upon a car belonging to B, on B's tracks and in the care and custody of B's employees, if the before-mentioned annual consideration is retained by B out of the total amount of fares received by it from passengers traveling on the cars traversing the aforesaid route, and the surplus over and above the amount retained is paid to A? Upon the facts as they appear before us, we cannot say that the trial judge erred in instructing that the plaintiff was not entitled to recover against the defendant company.

There is nothing in the appellant's paper book to show by what authority most of the record and much of the testimony have been omitted therefrom, but it appears from statements made by counsel that this was done under and by virtue of the provisions of Section 5 of the Act of May 11, 1911, P. L. 279. When counsel desire to take advantage of this legislative permission to exclude "any part of the evidence appearing in the transcript," they must keep in mind that it only applies to such portions as are immaterial to the points brought up for review, and must not omit parts involving facts essential or helpful to a proper determination of the issues of law to be considered by this court; and an appellant has no right under this act to omit printing the pleadings or other writings filed of record in

the court below that relate to the appeal or bear upon the questions thereby sought to be raised.

The assignment of error is overruled and the appeal is dismissed at the cost of the appellant.