## Pennsylvania Power & Light Co. v. Shenandoah

*P. H. Burke, Thomas B. Noonan, Cletus C. Kilker, J. W. P. Burke, Arthur H. Hull, George H. Hafer, C. J. Green* and *E. H. Hauff*, for plaintiff.

*M. V. McGuire, James J. Gallagher* and *D. J. Boyle*, for defendant.

DALTON, J., November 22, 1948.—On the second trial of this action in assumpsit the jury returned a verdict in favor of plaintiff for a portion of the total amount claimed. Plaintiff moved for a new trial. The court granted it. Plaintiff then appealed to the Supreme Court from the order which plaintiff itself had moved the court to enter. Pursuant to Rule 55 of the Supreme Court, plaintiff has filed in this court a statement of the questions proposed to be argued on appeal and statement of the evidence which it does not intend to print.

Defendant filed objections to the intended omissions, and after hearing had thereon in accordance with Rule 55 of the Supreme Court and the Act of May 11, 1911, P. L. 279, sec. 5, 12 PS §1200, the said objections are now before us for disposition.

The first question proposed to be argued on appeal is whether this court abused its discretion in granting a new trial on the ground that the record did not contain sufficient proof that defendant borough is subject to the Borough Code of May 14, 1915, P. L. 312, and The General Borough Act of May 4, 1927, P. L. 519. Plaintiff had sought to recover, inter alia, on four street lighting contracts whereby it undertook to furnish, operate and maintain certain street lighting systems and to supply all material and labor incident thereto, and as full compensation therefor was to receive an amount calculated upon the number of lamps in service. The case was tried twice. On the first trial, plaintiff's offers to prove the above contracts were objected to for various reasons and were refused, but plaintiff succeeded in obtaining a verdict on some of the other portions of its total claim. Motions for a new trial were then made by both parties and in addition defendant moved for judgment n. o. v. Numerous questions of municipal law were thus raised; for example, whether the burgess had authority to execute the contracts; whether statutory requirements of competitive bidding had been observed; whether sufficient performance bonds had been filed; and whether plaintiff could in any event recover on quantum meruit regardless of the above. And in addition there was a question whether the borough was bound to pay for electric service rendered to certain fire companies. Since a municipality is a creature of the legislature possessing only such powers as are expressly granted or necessarily incident thereto, and can only contract in the manner prescribed by the legis-

lature, the answer to the above questions depended on the law under which the borough was operating. The Borough Codes do not apply to all boroughs and the court was unable to find any authority holding that a borough was prima facie presumed to be governed by such codes. Since there was nothing in the record by which this basic fact could be determined, the court granted both plaintiff's and defendant's motions for a new trial. On the second trial, there was received in evidence a record from the office of the recorder of deeds, which might or might not be a record of the decree of incorporation, and as the transcript shows even counsel for plaintiff hesitated to contend that it was. No offer was made to show the records of the court of quarter sessions, or that they had been lost, notwithstanding the fact that the quarter sessions is a court of record. Plaintiff again obtained a partial verdict on items of its claim not referred to above, and again moved for a new trial. Being of opinion that the record still did not show the basic question as to what law applied, the court again granted plaintiff's motion for a new trial.

The second question proposed to be argued is whether the action of this court, in granting two new trials on plaintiff's own motion, resulted in a "denial or delay of justice to plaintiff in violation of its constitutional right"? So far as we can determine from the statement of the question, plaintiff's real grievance is not that the court denied or delayed justice in granting the order which plaintiff sought, but that such denial or delay resulted because the court did not go further and render an advisory opinion on the trial judge's rulings on evidence. In view of the uncertain state of the record as to the basic law to be applied, the correctness of those rulings could not be properly decided and in any event, with a new trial having been awarded for what the court considered a basic and fundamental

reason, discussion of the reasons advanced by plaintiff became unnecessary.

Considered in the light of the foregoing, the charges here made of 'abuse of discretion" and "denial or delay of justice", are very broad, and it is difficult to determine what evidence is or is not relevant to those contentions. The Act of 1911, permitting the exclusion of parts of the evidence, applies only to such portions of the record as are immaterial to the points brought up for review; appellant may not omit parts essential or helpful to a determination of the issues of law to be considered by an appellate court; and appellant may not omit pleadings or other relevant writings filed of record in the court below: Laughlin v. Mt. Carmel & Locust Gap Transit Co., 241 Pa. 281. Thus guided, we are of opinion that plaintiff may omit pages 1-48 of the transcript, which deal with the selection of jurors; all but the first four lines of page 242 and all but the last four lines of page 243, and the last eight lines of page 282. Pages 283 to 305, inclusive, bear upon the question of the borough's liability to pay for services rendered to the fire companies, which claim plaintiff squarely planted upon the borough codes. The omission of those pages is not allowed. The last five lines of page 350, and pages 351-365, inclusive, relate to items of claim on which plaintiff recovered, and need not be printed. As we understand Rule 55 of the Supreme Court and the Act of 1911, we have no power to permit the omission of anything from the pleadings. Therefore the statement of claim must be printed in full without omission of any of the exhibits attached thereto. And since plaintiff proposes to have the appellate court review the action of this court in granting *two* new trials, the appellant should print not only its motion for a new trial on the second trial and the court's opinion and ruling thereon, but also court's opinion and ruling granting the first new trial. In

addition it is directed that plaintiff print the present opinion.

And now, November 22, 1948, defendant's objections are sustained to the extent indicated in the foregoing opinion.