369 A.2d 307
**COMMONWEALTH of Pennsylvania**
v.
**Leonard FLETCHER, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 30, 1975.

Decided Nov. 22, 1976.

---

John W. Packel, Asst. Public Defender, Philadelphia, for appellant.

Steven H. Goldblatt, Asst. Dist. Atty., and F. Emmett Fitzpatrick, Dist. Atty., Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

WATKINS, President Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas, Criminal Section, of Philadelphia County by the defendant-appellant, Leonard Fletcher, after conviction by a jury of robbery, aggravated assault, conspiracy and a weapons offense; and from the denial of post-trial motions.

On February 19, 1974, the Whitehall Pharmacy in Philadelphia was the site of a robbery wherein two black males entered the store with a sawed-off shot gun and robbed the store clerk and several patrons of the establishment. The appellant was convicted of the above offenses as one of the participants in the robbery.

The appellant's appeal raises a number of complaints that he contends entitle him to a new trial. Because of our holding in this case as hereinafter discussed, we will consider only one of his complaints.

During the selection of jurors for appellant's case, appellant challenged for cause a prospective juror named William McKelvie. McKelvie's answer to questions directed to him on voir dire established that he was a police detective, a member of the same police department as the police witnesses in the case, that he knew three of the police witnesses in the case and the prosecutor who was to try the case, and that he had been subject to attacks himself in the performance of his duties. It had been established at preliminary proceedings that the case would involve testimony that the appellant had forcibly resisted the officers who arrested him after the robbery. McKelvie also answered that he would not be prejudiced in any way were he to become a part of the jury deliberation of the case. Appellant challenged McKelvie for cause, the court below denied the challenge for cause and

appellant was forced to exercise a peremptory challenge to remove McKelvie as a juror. This left him with only one peremptory challenge which he later used. Appellant then requested additional peremptory challenges citing the fact that he had to use a peremptory challenge to strike McKelvie. The court refused appellant's request at that time and five more jurors were subsequently seated. The next day the court granted each side one more peremptory challenge. Appellant then indicated his desire to exercise his additional peremptory challenge against one of the five new jurors. The court did not allow this and the appellant moved for a mistrial on the grounds that the court's decision effectively insulated the five new jurors from the one peremptory challenge he would have had remaining had the court granted appellant's challenge of McKelvie for cause.

There are two types of situations where a challenge of a prospective juror should be sustained. The first is where the prospective juror indicates by his answers that he will not be an impartial juror. The second is where, irrespective of the answers given on voir dire, the court should presume the likelihood of prejudice on the part of the prospective juror because the potential juror has such a close relationship, be it familial, financial or situational, with any of the parties, counsel, victims or witnesses. *Commonwealth v. Colon,* 223 Pa.Super. 202, 209 A.2d 326 (1972). The *Colon* case, supra, also held that just because an individual is a policeman is no reason to automatically exclude him from a jury. However, in the instant case the prospective juror's situation was entirely too close to the police witnesses who would be testifying in the case. Not only was he a member of the same police department as the police witnesses, but he knew three of them personally, knew the assistant district attorney who tried the case for the Commonwealth and had experienced personal attacks during the course of performing his duties as a police officer.

While any one of these circumstances may not be enough to disqualify a person from sitting on a jury, of itself, we hold that taken together they present a situation in which the likelihood of prejudice on the part of the potential juror must be presumed. Therefore appellant's challenge of McKelvie for cause should have been sustained. Be that as it may the court's refusal to disqualify McKelvie as a juror would not be reversible error if the defendant was nevertheless effectively able to exercise his remaining peremptory challenges. However, in this instance the defendant did exhaust all his peremptory challenges and was unable to use such a challenge with regard to the five remaining panel members because he was forced to challenge McKelvie peremptorily. Thus the five jurors were effectively insulated from peremptory challenge and the defendant indicated his desire to exclude one of the five from the jury which was refused by the trial court. While it is true that a prospective juror cannot be peremptorily challenged after he is seated, *Pennsylvania Rules of Criminal Procedure*, 1107, 19 P.S. Appendix, this rule presumes that a peremptory challenge exists. In our case the court below *did* grant each side an additional peremptory challenge but did this *after* the five new jurors were seated which effectively insulated them from the additional peremptory challenge. This we find to be error because had the court correctly ruled on the challenge of McKelvie the defendant would have had a peremptory challenge remaining which could have been exercised against one of the five new members *before* they were seated.

Judgment of sentence is reversed and a new trial granted.