383 A.2d 874

## COMMONWEALTH of Pennsylvania

v.

## Marshall JONES, Appellant (two cases).

Supreme Court of Pennsylvania.

Argued April 18, 1977.

Decided March 23, 1978.

Samuel Kagle, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Gaele Barthold, Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

O'BRIEN, Justice.

Appellant, Marshall Jones, was tried by a judge and jury and convicted of murder of the first degree, conspiracy, three counts of aggravated robbery, and two counts of assault and battery. Post-verdict motions were denied and appellant was sentenced to life imprisonment for the murder conviction. He was also sentenced to prison terms of one-to-

two years for the conspiracy conviction, and ten-to-twenty years for each of the aggravated robbery convictions. Sentence was suspended on the assault and battery convictions. This direct appeal followed.[1]

The facts are as follows. During the early morning hours of December 14, 1969, appellant and three co-defendants, James Banks, Gregory Pierce and Norman McCray, entered the Thirtieth Street Station in Philadelphia. Two of the assailants grabbed Steven Kreloff, a postal employee, by the throat and demanded money. After being repeatedly punched in the face, Kreloff was pushed from the platform onto the tracks by appellant. The foursome then attacked Harry Pollack and threw him onto the tracks. Mr. Pollack died twelve hours later.

After leaving the Thirtieth Street Station, appellant and his three co-defendants assaulted Annie Thomas and snatched her purse while she was waiting for a bus at Seventeenth Street and John F. Kennedy Boulevard. Appellant was arrested a short time later while trying to throw away Ms. Thomas' pocketbook.

Appellant was originally tried for and convicted of the above offenses in 1971. In March, 1974, this court reversed the judgments of sentence and granted appellant a new trial.[2] It is from the judgments of sentence in the retrial that appellant now appeals.

Appellant first complains that the trial court erred in refusing his challenge for cause to a proposed juror who was a Philadelphia policeman. We agree with appellant and grant him a new trial.[3]

1. All nonhomicide convictions were appealed to the Superior Court, which on December 12, 1975, certified those appeals to this court.

2. A new trial was ordered because the trial court refused to allow certain psychiatric testimony relating to appellant's confessions. *Commonwealth v. Jones,* 459 Pa. 62, 327 A.2d 10 (1974).

3. Because of our disposition of this issue, we need not reach appellant's other assignments of error, which include: (1) the confessions were obtained during an unreasonable delay in arraignment; (2) the identification testimony of one witness was tainted; (3) appellant

Prospective Juror No. 261 was Jerry O. Richards, a Philadelphia policeman. After a short voir dire examination, appellant challenged the juror for cause, based on his employment as a Philadelphia policeman. The trial court refused the challenge for cause and appellant used one of his peremptory challenges to remove Richards from the jury panel. Appellant exhausted his peremptory challenges before the eleventh juror was empanelled.

In *Commonwealth v. Moore*, 462 Pa. 231, 340 A.2d 447 (1975), this court held that it was harmless error to refuse a proper challenge for cause where the proposed juror was excluded by a peremptory challenge and the defense did not exhaust its peremptory challenges. It logically follows from *Moore* that it is error to force a defendant to use his peremptory challenges on a person who should have been excused for cause and that defendant exhausts those peremptory challenges prior to seating of the jury. *United States v. Nell*, 526 F.2d 1223 (5th Cir. 1976). In order to determine if appellant is entitled to a new trial, we must decide whether the trial court erred in refusing appellant's challenge for cause as to the prospective juror-policeman.

A trial court should always sustain a challenge for cause where on voir dire, the challenged juror has demonstrated an actual bias or prejudice against the defendant. However, the United States Supreme Court stated in *Estes v. Texas*, 381 U.S. 532, 542–43, 85 S.Ct. 1628, 1632, 14 L.Ed.2d 543 (1965):

"  .  .  . It is true that in most cases involving claims of due process deprivations we require a showing of *identifiable prejudice* to the accused. Nevertheless, at times a procedure employed by the State involves such a probabili-

was arrested without probable cause, thus requiring suppression of evidence seized from his person; (4) appellant was entitled to an instruction that duration and conditions of detention were factors bearing on voluntariness of his confession; (5) appellant was entitled to a cautionary instruction directing the jury to confine the relevant evidence to each separate offense; and (6) the instruction that appellant was responsible for the acts of his co-defendants was erroneous.

ty that prejudice will result that it is deemed inherently lacking in due process." (Emphasis added.)

Our inquiry then must focus on whether a policeman's serving as a juror in a criminal case "involves such a probability that prejudice will result" amounting to a denial of due process.

This court has never been called upon to decide if a police officer may serve as a juror in a criminal case.

■ In *Commonwealth v. Colon*, 223 Pa.Super. 202, 206–07, 299 A.2d 326, 328 (1972), the court stated:

"The broad question raised here is whether law enforcement officials, because of their occupational relationship to criminal cases, should automatically be removed for cause, or whether they should be removed only if their likelihood of prejudice is manifested by their answers and demeanor on voir dire. The categories of relationships which automatically call for removal should be limited because it is desirable to have a jury composed of persons with a variety of backgrounds and experiences. We believe that an enforcement officer is capable of professional objectivity in considering the case of a defendant accused of a crime against society. *Absent any real relationship to the case, the removal of an enforcement officer should depend on the sound exercise of discretion by the trial judge.*" (Emphasis added.)

We agree that one's status as a law enforcement officer in and of itself is insufficient to require disqualification as a juror in a criminal case.[4] The Superior Court in *Colon, supra*, established the following two-tier analysis to determine whether a police officer could serve as a juror in a criminal case:

1. If a police officer has a "real relationship" to the case, he must automatically be excluded from serving on a criminal jury.

4. See, Annotation, Law Enforcement Officers as Qualified Jurors in Criminal Cases, 72 A.L.R.3d 895.

2. If a police officer does not have a "real relationship" to the case, he must be viewed in light of the traditional test for qualifications for jurors with the same scope of appellate review.

We must first determine if venireman Richards had any "real relationship" to the case, because if that is the case, his sitting as a juror would involve "such a probability that prejudice [would] result that it [must be] deemed inherently lacking in due process". *Estes v. Texas, supra,* 381 U.S. at 542–43, 85 S.Ct. at 1633.

In *State v. Butts,* 349 Mo. 213, 159 S.W.2d 790 (1942), the Missouri Supreme Court held that a challenge for cause should have been granted where the challenged juror was a member of the same police force as many material witnesses in the case.

We agree with that court to the extent that a real relationship exists between the proposed juror and the case where that venireman is a member of the same police force which has officers testifying in the case.

In the instant case, venireman Richards was a Philadelphia police officer. All police officers who testified were on the Philadelphia police force. Appellant never took the stand in his own defense. The focus of his defense was on the alleged involuntary nature of his confession. On this issue, the credibility of the testifying officers was a critical factor. Therefore, under the facts of the instant case, we believe that a "real relationship" existed that required the removal of Richards from the jury panel. We believe the trial court erred in refusing appellant's challenge for cause and, since appellant used all of his peremptory challenges before the entire jury was empanelled, a new trial must be granted.

Judgments of sentence reversed and case remanded for a new trial.

MANDERINO, J., files a concurring opinion in which ROBERTS, J., joins.

EAGEN, C. J., concurs in the result.

MANDERINO, Justice, concurring.

I concur in the result reached by the majority, but add that a challenge for cause should always be granted when directed at a proposed juror who is a police officer on active duty at time of trial with the same police force which will have officers testifying in the case. Such challenge for cause should be granted without further examination of the facts of the individual case. The relationship in and of itself constitutes a sufficient basis for excusing the prospective juror.

ROBERTS, J., joins in this concurring opinion.