385 A.2d 558

**COMMONWEALTH of Pennsylvania**

v.

**Irving BUNDRIDGE, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 23, 1977.

Decided April 13, 1978.

John H. Corbett, Jr., and Lester G. Nauhaus, Pittsburgh, for appellant.

Robert L. Eberhardt, Assistant District Attorney, Pittsburgh, and Robert E. Colville, District Attorney, Pittsburgh, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Allegheny County, Criminal Division, by the defendant-appellant, Irving Bundridge, after conviction of indictments charging him with possession of heroin, firearms charges, possession of heroin and marijuana and of bribery and tampering with witnesses; and from the denial of post-trial motions.

The facts are succinctly stated by the trial court:

"On April 7, 1975, certain detectives of the Pittsburgh Police Force entered the apartment of the defendant in Pittsburgh with a search warrant. As a result of that visit, defendant was placed under arrest, and a complaint filed against him on the same day resulted in Indictment 7503344A charging him with receiving, violating the Firearms provisions of the Crimes Code, three counts of violating the Controlled Substance and Drug Act and Criminal Conspiracy. A second complaint was filed on April 9 (7503342A), which is not in issue for the reason that the resulting indictment was disposed of favorably to the defendant without being submitted to the jury. On April 9, 1975, a similar visit was paid to the apartment of the defendant and again, he was placed under arrest and a complaint filed against him on the same date which resulted in Indictment 7503343A charging him with two counts of violating the Controlled Substance and Drug Act and Criminal Conspiracy. Defendant was transported to the Public Safety Building of the City of Pittsburgh on April 9, 1975 and while walking from the patrol car to the building, allegedly made certain proposals to the officers which was the beginning of a series of incidents culminating in his arrest and the filing of a complaint against him on April 24, 1975 which resulted in Indictment 7503537 charging him with bribery and tampering with witnesses and informants."

The issues raised by this appeal are: (1) that the court below erred in refusing to dismiss under *Pa.Rules of Crim. Pro. 1100;* (2) that the court erred in holding that the defendant waived his right to assert Rule 1100; and (3) that the court erred in consolidating the drug and bribery charges for trial.

## RULE 1100

The case had been called to trial and the parties were present. Voir dire had been completed and fourteen jurors selected and seated, ready to be sworn. At that time the defendant moved to quash, which we will treat as a motion to dismiss, all indictments by reason of failure to bring the

defendant to trial within the 180-day requirement. There is conflict between the parties as to whether because of certain credits the 180 days passed but the court based its decision on the ground that the petition was untimely filed.

On March 8, 1976, the defendant requested a continuance until April 6, 1976, and executed a written waiver providing: "defendant waives any Rule 1100 rights for the period of this postponement". The defendant contends that this was not a general waiver and that it did not preclude him from raising the issue. However, the court below held that: "This matter need not be decided by the sophistry that the defendant is precluded by his written waivers of March 8, 1976. Subsection (f) of Rule 1100 provides:

'At any time before trial the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the grounds that this Rule has been violated.'

"At trial commences, or one goes to trial after the trial begins, which is when the jury is called into the box for examination as to their qualifications, 75 Am Jr. 2nd 121 § 3, *Wilhite vs. Agbayani* [2 Ill.App.2d 29] 118 N.E.2nd 440 (Appellate Illinois). A trial meets the constitutional test of being public only if it includes the *entire trial* which begins with jury selection, *U. S. vs. Sorrentino,* 175 F 2nd 721 (U.S. Ct. of Appeals, 3rd Circuit). The orderly administration of criminal justice requires that at some point, preliminary matters end, and if there is to be a trial, the trial begins. Certainly, a defendant's right to demand a discharge for lack of a speedy trial must end once he enters into the crucial process of selecting a jury; and certainly, it must be foreclosed after he has accepted 12 jurors and 2 alternates who are seated ready to be sworn for trial, absent extenuating circumstances depriving him of the proper opportunity to raise this important issue. The motions to dismiss were not made before the trial and accordingly, were properly denied."

As indicated by the court's opinion the petition was dismissed as untimely and not based on waiver or computation of time. The issue is the meaning of the term "any time

before trial" contained in the rule. The Comment under Rule 1100(f) has this to say:

"A trial commences when the trial judge determines that the parties are present and directs them to proceed to voir dire . . ."

The rule makes sense, in particular when applied to the instant case where with full knowledge of his Rule 1100 rights, he executed a waiver until April 6, 1976, the date of the trial. Assuming the 180 days passed prior to the waiver, as contended by the defendant, he could have brought his petition at any time prior to trial.

▇ The waiver would certainly lull the Commonwealth into a feeling of security that the question would not be raised. When it was raised after the seating of the jury, the Commonwealth is placed in the disadvantageous position of making a hurried review of time passed, continuances and credit. We penalize the Commonwealth if a petition for extension and proof of due diligence under Rule 1100 when such petition is filed after the passage of the 180-day period. It seems that similar due diligence should be required of the defendant to file his motion to dismiss after the passage of the 180 days prior to the trial date.

In *Commonwealth v. Perkins*, 473 Pa. 116, 373 A.2d 1076 (1977), it was held that trial had begun when the jury panel had been sworn. The Court did not discuss the problem of when trial actually starts.

In *Commonwealth v. Lamonna*, 473 Pa. 248, 373 A.2d 1355 (1977), the Supreme Court concluded that trial had not commenced where the case had been called but voir dire had not started and the jury not yet empaneled.

In *Commonwealth v. Matt*, 248 Pa.Super. 538, 375 A.2d 371 (1977) the court held the motion untimely when the jury was sworn.

▇ In the instant case, the steps taken were less than *Matt*, supra, but substantially greater than in *Lamonna*, supra. The jury selection process is a crucial step and certainly the completion of that process up to actual swearing is sufficient that trial has commenced under Rule 1100.

## WAIVER OF RULE 1100

As indicated, the court below did not decide this case on waiver and we have only discussed the executed waiver as showing full knowledge at that time of his rights under Rule 1100 and the disadvantage to the Commonwealth in being faced with a petition at trial.

## CONSOLIDATION

The interpretation of *Rule 219(b) of Pa.Rules of Crim.Pro.* concerning consolidation has caused a serious division in the Supreme Court. *Commonwealth v. Peterson,* 453 Pa. 187, 307 A.2d 264 (1973); *Commonwealth v. Lasch,* 464 Pa. 573, 347 A.2d 690 (1975).

The rule provides on its face only for the joinder of separate offenses in a single indictment but the Supreme Court has treated it as equally applicable to the consolidation of separate indictments. *Commonwealth v. Moore,* 463 Pa. 317, 344 A.2d 850 (1975); *Commonwealth v. Peterson,* supra. There is no question that the bribery was connected with the drug indictments and arose as a result of the same incident.

The last word, at this date on the interpretation of the consolidation rule, is *Commonwealth v. Lasch,* supra. This case was affirmed, per curiam, by this Court at 229 Pa.Super. 708, 323 A.2d 251 (1974) and on appeal to the Supreme Court it was affirmed by a divided court.

In *Lasch,* four indictments of burglary, larceny and receiving stolen goods and a fifth indictment charging operating a motor vehicle while under suspension were consolidated for trial. The court below summarizes the reasoning of Mr. Justice Eagen's opinion in support of affirmance as follows:

"1. Separate offenses which may be joined in a single indictment under Pa.R.Crim.P. 219(b), if in separate indictments, may be consolidated for trial, provided the criteria of the Rule is met.

"2. The criteria of the Rule is that the offenses be 'of the same or similar character or based on the same act or transaction or on two or more acts or transactions con-

nected together or constitute parts of a common scheme or plan' absent a showing of prejudice to the defendant.

"3. Three types of prejudice may be present, particularly with respect to 'similar character' offenses but not arising out of a single transaction which would result in improper joinder: (a) where the defendant may become embarrassed or confounded in his defense, (b) where the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant to find guilt of the other crime or crimes charged, and (c) where the jury may cumulate the evidence of the various crimes charged and find guilt when if considered separately, it would not so find.

"In finding that no prejudice existed, the Court relied on the rule that where evidence of other crimes has an independent relevance to the crime being tried—where it tends to prove such elements as motive, intent, absence of mistake or accident, a common scheme, plan or design embracing the commission of two or more crimes so related to each other that the proof of one tends to prove the others—it is admissible for such limited purposes."

 In the instant case the defendant was arrested and charged on April 7, 1975 and April 9, 1975. The charges are closely related, involving violations of the Controlled Substance and Drug Act and firearms violations. The arrest and charge on April 24, 1975 were closely related to the first two in that it was grounded in an attempt to bribe and tamper with witnesses essential to the proof of the previously charged offenses. As the court below said: "If anything the principles supporting joinder are even stronger in this case than they were in Lasch."

Mr. Justice Manderino in his opinion in support of reversal in *Lasch,* supra, said:

"I dissent. My position is properly stated by Justice Roberts, in *Commonwealth v. Peterson,* 453 Pa. 187, 204, 307 A.2d 264 (1973) (Roberts, J., dissenting). Whenever a defendant is charged with two or more separate and distinct offenses and evidence of one offense could not be admitted at a separate trial on the other offense, the

defendant has an absolute right to severance of the offenses."

In this case the evidence of bribery could be introduced in a separate drug trial and the evidence of the drug charges could have been introduced in the bribery trial. The test of admissibility is that where evidence of other crimes has an independent relevance to the crime being tried—where it tends to prove elements such as motive, intent, identity, absence of mistake or accident, embracing the commission of two or more crimes so related to each other that proof of one tends to prove the other. *Commonwealth v. Wable,* 382 Pa. 80, 114 A.2d 334 (1955).

We cannot see how the defendant is harmed where the cases are consolidated in one trial any more than where the same evidence would go to the jury in separate trials. The consolidation is a matter for the trial court and will be reversed only for a manifest abuse of discretion or prejudice and clear injustice to the defendant. *Commonwealth v. Peterson,* supra.

Judgment of sentence affirmed.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

JACOBS, President Judge, and HOFFMAN and SPAETH, JJ., concur in the result.