418 A.2d 605

COMMONWEALTH of Pennsylvania

v.

James Donald ROUGH, Appellant.

Superior Court of Pennsylvania.

Submitted April 12, 1979.

Filed Feb. 13, 1980.

Petition for Allowance of Appeal Denied Sept. 9, 1980.

52

Charles F. Gilchrest, Sharon, for appellant.

David B. Douds, Assistant District Attorney, Mercer, for Commonwealth, appellee.

Before PRICE, HESTER and MONTGOMERY, JJ.

PRICE, Judge:

Appellant was tried before a jury and found guilty on March 23, 1978, of rape[1] and corruption of the morals of a minor.[2] Post-trial motions regarding the rape conviction were denied[3] and this appeal, which raises nine assignments of trial error, followed. Because we find these assignments of error are without merit, we affirm the judgment of sentence.

All charges arose out of a single act of unlawful sexual intercourse on the evening of November 21, 1977, between appellant and his stepdaughter, Tammy Lynn Davis, who

1. 18 Pa.C.S. § 3121.

2. 18 Pa.C.S. § 3125, *repealed by* Act of July 1, 1978, P.L. 573, No. 104 (effective in 60 days).

3. Post-trial motions regarding the conviction for corrupting the morals of a minor resulted in the grant of a new trial.

was fifteen at the time. Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, the following facts were adduced at trial. On the evening of November 21, appellant was at home with Tammy. Tammy's mother, Rita Rough, was not at home and the other children were asleep in their bedrooms. Appellant forced Tammy to the living room floor, struck her, and then forcibly led her to the master bedroom. Tammy attempted to run away without avail and her screams were silenced when appellant placed his hand over her mouth. Evidence showed that appellant had struck Tammy on several prior occasions and that she was in fear at this time. Appellant then had sexual intercourse with her.

We will treat appellant's assignments seriatim. He first contends that the evidence was insufficient to convict him of rape. The test in evaluating the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences in its favor, there is sufficient evidence to find every element of the crime beyond a reasonable doubt. *Commonwealth v. Smith*, 484 Pa. 71, 398 A.2d 948 (1979); *Commonwealth v. Perkins*, 473 Pa. 116, 373 A.2d 1076 (1977).

The only element appellant disputes was sufficiently proved is forcible compulsion. The force necessary to support a rape conviction need only be such as to establish a lack of consent, and it is relative depending upon the particular circumstances. *Commonwealth v. Irvin*, 260 Pa.Super. 122, 393 A.2d 1042 (1978). "[C]onsent is an act of free will. It is not the absence of resistance in the face of actual or threatened force inducing a woman to submit to a carnal act"; active opposition is not a prerequisite to finding lack of consent. *Commonwealth v. Hayden*, 224 Pa.Super. 354, 356–57, 307 A.2d 389, 390 (1973). *See Commonwealth v. Moskorison*, 170 Pa.Super. 332, 85 A.2d 644 (1952). Outcry, struggle and fresh complaint need not be proven to sustain a rape conviction, but are merely factors to be weighed by the trier of fact. *Johnson Appeal*, 445 Pa. 270, 284 A.2d 780 (1971); *Commonwealth v. Hornberger*, 199 Pa.Super. 174,

184 A.2d 276 (1962). In the present case, the victim's testimony as to her fear and appellant's forceful treatment of her demonstrated sufficient lack of consent to sustain the verdict.

▮▮▮ Appellant's second assignment claims error in the trial court's refusal to repeat during supplemental jury instructions appellant's submitted point for charge concerning consent. The omitted instruction had been read during the original instructions, but was deleted later on the trial court's determination that it was not a correct statement of the law. We agree with this determination.

The point for charge read as follows:

"An act of intercourse is against a woman's will and therefore rape only when, from force or a threat of force, she is not in a position to exercise any judgment about the matter. *Commonwealth v. Stephens*, 143 Pa.Super. 390 [sic, 394] [17 A.2d 919] (1941); *Commonwealth v. Bennett*, 92 Montg. 260 (1970)."

The case of *Commonwealth v. Stephens* involved a victim who was insane and was decided before enactment of the new Crimes Code, 18 Pa.C.S. §§ 101 *et seq.*, which makes specific provision for this circumstance. The language of the statute that is appropriate to the instant case describes the necessary threat of force as one "that would prevent resistance by a person of reasonable resolution." 18 Pa.C.S. § 3121(2). This does not suggest the extreme position of being unable to exercise *any* judgment. This interpretation is supported by case law, which says that the force "need only be such as to establish lack of consent and 'to induce a woman to submit without additional resistance.'" *Commonwealth v. Irvin, supra,* 260 Pa.Super. at 126, 393 A.2d at 1044, *quoting Commonwealth v. Moskorison, supra* 170 Pa. Super. at 336, 85 A.2d at 646 (1952). Omitting this point from the supplemental charge was not error.

▮▮▮ Third, appellant alleges reversible error in the trial court's failure to excuse a prospective juror for cause when she admitted during voir dire that she had carried on a

conversation with a neighbor in the vicinity of the crime about a local man who had "raped" his stepdaughter.[4] The juror satisfied the trial judge by her answers and demeanor during individual voir dire outside the hearing of the other jurors that she had not formed a fixed opinion as to guilt. The law recognizes that it would be an impossible standard to require jurors to be free from all prejudices and requires only that a prospective juror be conscious of his sworn responsibility and be willing to attempt to reach a decision solely on the facts presented at trial. *Commonwealth v. Hoss*, 469 Pa. 195, 364 A.2d 1335 (1976); *Schwarzbach v. Dunn*, 252 Pa.Super. 454, 381 A.2d 1295 (1977). The judge is to determine this within his discretion, and his determination will not be reversed on review absent palpable abuse. *Commonwealth v. Sparrow*, 471 Pa. 490, 370 A.2d 712 (1977); *Commonwealth v. Rightnour*, 435 Pa. 104, 253 A.2d 644 (1969).

■ Appellant does not dispute that the prospective juror in this case exhibited no likelihood of prejudice during voir dire; but argues that this is a situation in which the court should presume prejudice to assure fairness. Since this determination is one of law and not dependent on the trial judge's observation of the demeanor of the potential juror, it is subject to ordinary review, rather than the strict standard of palpable error. *Commonwealth v. Colon*, 223 Pa.Super. 202, 299 A.2d 326 (1972). We still find, however, that no error was committed in refusing the challenge.

■ Exclusion has been automatic only in cases in which there was such a probability of prejudice involved that due process was inherently lacking. *See Commonwealth v. Jones*, 477 Pa. 164, 383 A.2d 874 (1978), and cases cited therein. These decisions involve a "real" or "close"

4. Appellant had exhausted his peremptory challenges prior to the seating of the jury, and thus, if the challenge of this juror was improperly denied by the trial court, we are constrained to find that the error was not harmless. *Commonwealth v. Jones*, 477 Pa. 164, 383 A.2d 874 (1978); *Commonwealth v. Fletcher*, 245 Pa.Super. 88, 369 A.2d 307 (1976). Appellant's entitlement to a new trial rests on our determination of whether the challenge was erroneously refused.

relationship between the venireman and the case due to familial, financial or situational ties with the parties, counsel, victims or witnesses. *Commonwealth v. Fletcher*, 245 Pa.Super. 88, 369 A.2d 307 (1976); *Commonwealth v. Colon, supra.* Presently, the relationship of the potential juror with the case through a prior chance discussion with a neighbor concerning a local man who had perpetrated these crimes was not such that she should be disqualified as a witness as a matter of law. This unnamed neighbor was not called as a witness or otherwise related to the case in any manner. These facts fall squarely within the common pattern of a juror having read or heard about a case prior to trial. Absent the formation of a fixed opinion, which was not found here, this is not ground for rejection. *Commonwealth v. Swanson*, 432 Pa. 293, 248 A.2d 12 (1968); *Commonwealth v. Richardson*, 392 Pa. 528, 140 A.2d 828 (1958).

Appellant's fourth assignment of error is that the trial judge abused his discretion in his summary of the evidence during the jury charge by being argumentative in the Commonwealth's favor. The portion of the charge in contention reads as follows:

"Now let's look at the position of the parties. As I understand it, it is a contention of the Commonwealth that this defendant raped his stepdaughter. It is the contention of the Commonwealth that he planned this for some time; that he on other occasions made sexual advances to her; that she had refused and that he then stopped.

The defense counsel argues that, that is some indication that when this incident occurred that she consented and *it is for you to decide.* However, on the incident that occurred on September of 1977, it is my recollection that the girl's mother, the defendant's wife, was sleeping in the next room and whether or not that had anything to do with his stopping this activity as distinguished from the night when this happened when there wasn't anybody there but a couple of small children, *is for you to decide.*

Now it is the position of the defendant that she consent-
ed to this. The defendant's testimony, however, is that
while this was going on she was standing there crying a
portion of the time and, however, that he removed her
clothing and he didn't have to tear her clothing off her;
that he had intercourse with her; that after this act took
place, that she had put her nightclothes on and was out
watching television when mother came home from the
bingo game." (Partial Transcript at 61–63) (emphasis
added).

Prior to this instruction, the trial judge had clearly instruct-
ed the jury that it was their own recollection that counted
and that if they attached different significance to the testi-
mony, their thoughts should govern. (Partial Transcript at
55).

 It is well established in Pennsylvania that the
trial judge has the discretion to summarize the evidence
adduced at trial, *Commonwealth v. Crawford*, 452 Pa. 326,
305 A.2d 893 (1973). He has the privilege to express his own
opinion, including the weight and effect to be given the
evidence and its points of strength and weakness, provided
that the statements he makes have a reasonable basis and it
is clearly left to the jury to decide the facts, regardless of
any opinion expressed by the judge. *Williams v. Philadel-
phia Transportation Co.*, 415 Pa. 370, 203 A.2d 665 (1964);
*Commonwealth v. Collura*, 183 Pa.Super. 17, 128 A.2d 101
(1956). The court may properly explain to the jury the
contentions of the respective parties, particularly when it is
done in a manner that clearly shows he is not expressing his
own views, *Commonwealth v. Prescott*, 284 Pa. 255, 131 A.
184 (1925), and may properly refer to the issues involved and
the possible inferences to be drawn from the facts, *Common-
wealth v. Hamilton*, 148 Pa.Super. 169, 24 A.2d 656 (1942).

 The trial judge clearly prefaced the contested por-
tion of his charge with the statement that he was undertak-
ing an examination of the contentions of the parties. He
merely pointed out facts that had been established at trial,
never indicating his own opinion, and even if his own beliefs

could be inferred, he explicitly told the jury it was for them to decide. Language with an import similar to the instruction here in contention was employed in a charge by the trial judge in *Commonwealth v. Hamilton, supra.* There, the court suggested a line of thought or reasoning for the jury to use in determining which witness' story was more credible. Questions were suggested for them to ask themselves regarding whose story was more reasonable, just as the court here asked the jury to question why appellant stopped short of intercourse on the prior occasion, but went ahead on the night at issue. The *Hamilton* court found no reversible error, noting that the court had made it clear that it was the jury's duty to determine the facts. *See also Commonwealth v. Talarico,* 317 Pa. 481, 177 A. 1 (1935) (court noted charge was argumentative, but no reversible error found). We are satisfied from reading the record that the jury returned a verdict that was well-supported by the evidence.

As the fifth assignment of error, appellant alleges that he was prejudiced when the trial judge permitted testimony of a high–speed police chase that occurred when the police attempted to serve the arrest warrant on him. Subsequently, after three defense witnesses and a lunch recess, the trial judge instructed the jury to disregard the testimony concerning the chase. Appellant contends that this instruction was not timely and did not cure the prejudice. We must disagree.[5]

5. Appellant has only presented us with a partial transcript which fails to include the testimony of this witness or the judge's later instruction to disregard it. Although the Act of May 11, 1911, P.L. 279, § 5, 12 P.S. § 1200 (subsequently repealed by Act of April 28, 1978, P.L. 202, No. 53, § 2(a) [944], permits counsel to exclude any part of the evidence appearing in the transcript, those parts helpful to a proper determination on review must be printed, and when necessary testimony is omitted "every assumption must be made in favor of a state of facts that would sustain the action of the court below." *Laughlin v. Mt. Carmel & Locust Gap Transit Co.,* 241 Pa. 281, 282, 88 A. 441, 441 (1913). Although the thrust of appellant's argument is that the instructions were insufficient, we have no indication on the record presented us that he either asked for more instructions or moved for a mistrial, and thus, he has apparently waived this issue. We only proceed to examine the merits because we lack a complete transcript.

First, it is not clear that this evidence was inadmissible. Evidence of flight is permissible to establish guilty knowledge. *Commonwealth v. Osborne*, 433 Pa. 297, 249 A.2d 330 (1969). The premise of admissibility is that the circumstances justify an inference that the accused's actions were motivated by his belief that the officers were aware of his wrongdoing and were seeking him for that purpose. Although in the case at bar appellant was involved in other criminal activity after the rape but before the arrest and, thus, the inference may be more attenuated, these circumstances affect the weight of the evidence and not admissibility. The rape occurred only two days prior to the arrest and was not so remote that guilty knowledge could not still be inferred. The mere fact that other criminal activity occurred at about the same time does not warrant barring this evidence. *See Commonwealth v. Jones*, 457 Pa. 563, 319 A.2d 142 (1974) (inference of flight from murder drawn although actually being sought by police for assault and battery).

Second, even though it may have been unnecessary, the judge instructed the jury to remove this evidence from their consideration. A factor to be considered in assessing the impact of error, if indeed there was one here, is whether the trial court instructed the jury to disregard information improperly before it. Prejudice can be rectified and rendered harmless by such instructions. *Commonwealth v. Story*, 476 Pa. 391, 383 A.2d 155 (1978); *Commonwealth v. Gardner*, 246 Pa.Super. 582, 371 A.2d 986 (1977). The instructions need not be given immediately following the erroneous admission, but may occur later in the charge. *See Commonwealth v. Novak*, 165 Pa.Super. 576, 69 A.2d 186 (1949). It must be assumed that the jury obeys the instruction and that the error is thereby rendered harmless. *Commonwealth v. Fugmann*, 330 Pa. 4, 198 A. 99 (1938); *Commonwealth v. Novak, supra.* Under the circumstances of this case, no error was committed.

Appellant's sixth, seventh and eighth assignments of error will be treated together since their legal contexts are basi-

cally the same. Appellant alleges that it was error for the trial court to have allowed the victim's testimony that appellant had previously tried to have sexual intercourse with her in September 1977, and that around April 1977 he had felt her breasts. Error is also alleged in the introduction of one David Stubbe's testimony that in May 1977, appellant had discussed a magazine article concerning a man raping his stepdaughter and that in September 1977, appellant had said the victim needed a man. The first two incidents are alleged to be too remote to be permitted as an exception to the general rule that prior crimes may not be introduced at trial for an unrelated crime. The testimony of David Stubbe is simply alleged to be too prejudicial and of minimal probative value. Because of the logical connection between the proof of this conduct and the crime charged, we disagree.

Although the general rule is that evidence of prior criminal activity is inadmissible, *Commonwealth v. Fortune*, 464 Pa. 367, 346 A.2d 783 (1975); *Commonwealth v. Groce*, 452 Pa. 15, 303 A.2d 917 (1973), it may be introduced to show motive and intent because the evidence of other crimes then has an independent relevance to the crime being tried and proof of one will tend to show that the accused committed the other. *Commonwealth v. Bundridge*, 254 Pa.Super. 126, 385 A.2d 558 (1978); *Commonwealth v. Jones*, 248 Pa.Super. 214, 375 A.2d 63 (1977). The prior sexual conduct of appellant in this case evidences his intent and was offered to rebut defense arguments that the victim consented to appellant's acts. It was not offered to show appellant was depraved or had a propensity to commit sexual crimes. This exception for evidence offered to show intent is particularly applicable under the present facts which involved attempts upon the same victim. Although this court in *Commonwealth v. Ransom*, 169 Pa.Super. 306, 82 A.2d 547 (1951), made it clear that there must be a reasonable limitation as to the time and place of other crimes sought to be introduced into evidence, the disputed testimony in the instant case showed a sufficiently close

relationship in time to be admitted. In *Commonwealth v. Bradley*, 243 Pa.Super. 208, 364 A.2d 944 (1976), the court limited evidence from which a common mental plan to commit a sexual offense could be inferred, to evidence of events occurring within a year prior to the offense charged. The conduct in this case all occurred within this time limitation and was properly admitted.

Finally, appellant in his ninth assignment of error claims that the court erred in permitting Ms. Rough's testimony of a privileged communication between husband and wife. One Mr. Shorts testified that he dialed the telephone for appellant, told Ms. Rough when she answered the phone that her husband wished to talk to her, and gave appellant the phone. Appellant's conversation with his wife lasted about five minutes. During it, appellant stated that what had happened to Tammy was Ms. Rough's fault, and it is her testimony at trial as to this statement that is contested. Mr. Shorts testified that he left the room shortly after appellant picked up the phone and did not hear the conversation.

The applicable privilege [6] governing testimony by one spouse against another concerns confidential communications made during a marriage. *Commonwealth v. Borris*, 247 Pa.Super. 260, 372 A.2d 451 (1977). If knowledge is not gained through the relationship and in the confidence which that relationship inspires, however, it is not privileged. *Commonwealth v. Wilkes*, 414 Pa. 246, 199 A.2d 411 (1964). Under the instant facts, it appears that appellant did not consider this a confidential communication since he evinced no concern about, and took no precautions against, Mr. Shorts overhearing the conversation. The testimony estab-

**6.** There is no dispute that the absolute prohibition preventing one spouse from testifying against the other during coverture, codified in the Act of May 23, 1887, P.L. 158, § 2(b), *as amended by* Act of April 27, 1909, P.L. 179, § 1, Act of May 11, 1911, P.L. 269, § 1, 19 P.S. § 683, *repealed*, Act of April 28, 1978, P.L. 202, No. 53, § 2(a) [742], effective June 27, 1978, is inapplicable due to an exception within the statute permitting testimony in proceedings involving violence against the minor child of either. Competency under this exception does not abrogate the general privilege concerning confidential communications made during marriage.

lished that Mr. Shorts was in the vicinity during the conversation and was not prevented from hearing the conversation, but rather, simply did not try to hear it. (Partial Transcript at 49). In any event, it is abundantly clear that even if the conversation had been erroneously admitted, appellant was not prejudiced by its substance since it indicates no more than that the event occurred, which appellant does not dispute, and in no way indicates whether it was done by force or with consent. Since the testimony could not have contributed to the conviction, it must be classed as harmless error.

For the above reasons, we affirm the judgment of sentence for rape.