J-A35035-15

2016 PA Super 26

COMMONWEALTH OF PENNSYLVANIA,     IN THE SUPERIOR COURT OF
PENNSYLVANIA

     Appellee

     v.

MARLIN KELLY,

     Appellant      No. 367 WDA 2015

Appeal from the Judgment of Sentence September 26, 2014
In the Court of Common Pleas of Beaver County
Criminal Division at No(s): CP-04-CR-0000133-2013

BEFORE:  BENDER, P.J.E., SHOGAN, and MUSMANNO, JJ.

DISSENTING OPINION BY SHOGAN, J.:      **FILED FEBRUARY 08, 2016**

I respectfully dissent.

In reviewing a trial court's ruling on a challenge to the empaneling of a juror, "we employ a standard of review which affords great deference to the trial judge who is in the best position to assess the credibility of the jurors and their ability to be impartial." *Commonwealth v. Impellizzeri*, 661 A.2d 422, 427 (Pa. Super. 1995).  As noted by the Majority, in the case at bar, during *voir dire*, Juror No. 1 responded that he was a police officer who had previously worked with the Commonwealth attorneys, and he knew some of the police officers who may be called as witnesses.  However, "just because an individual is a policeman is no reason to automatically exclude him from a jury." *Commonwealth v. Fletcher*, 369 A.2d 307, 308 (Pa. Super. 1976) (citation omitted).  Moreover, in *Impellizzeri*, this Court

explained that "[i]ndividuals are not expected to be free from all prejudices in order to sit on a jury and the burden here is on appellant to establish that the challenged jurors possessed a fixed, unalterable opinion that prevented them from rendering a verdict based solely on the evidence and the law." *Impellizzeri*, 661 A.2d at 427 (internal quotation marks omitted).

Here, Appellant's cohort, Tyrone Fuller ("Fuller"), pled guilty and cooperated with the prosecution. Moreover, Fuller, as a witness for the Commonwealth and Appellant, in his own defense, both testified at trial. Thus, the salient issue was whether jurors could make a credibility determination with respect to Fuller's and Appellant's testimony and if they could be fair and impartial in reaching a decision based on the law. The difficulty Juror No. 1 may have had weighing the credibility of a police officer's testimony was largely ancillary. *Compare Commonwealth v. Jones*, 383 A.2d 874, 877 (Pa. 1978) (discussing bias where the potential juror was a Philadelphia police officer, all police officers who testified were Philadelphia police officers, Appellant did not testify, the focus of the defense was on an alleged involuntary confession, and the credibility of the testifying officers was a critical factor). The trial court addressed Appellant's challenge to Juror No. 1 as follows:

> In this case, however, juror number 1 had no personal relationship with anyone in the case, and only professional relationships with defense counsel, the district attorneys, and the police officers. T.T. 8/11/14 (afternoon), at 41-42. The district attorneys were not handling any of [Juror No. 1's] cases at that time. Id. at 41. He never discussed the case with any of

the other officers. Id. at 48. He was not a member now or previously of the same law enforcement department as any of the officers [in the case at bar]. Id. He indicated that he could he fair, would listen to the evidence, and would follow the law. Id. at 42, 46.

\* \* \*

The Court listened carefully to the juror's responses and closely observed his demeanor as he gave his responses. T.T. 18/11/14 (afternoon), at 50. The Court found the juror to be credible and sincere. In the judgment of the Court there was no indication from the juror that he could not be fair and impartial in this case. Rather, the Court believed, as the juror indicated, that he could listen to the evidence presented and would follow the law as instructed. Because prejudice is not presumed under the circumstances of this case and because the juror could be fair and impartial. [Appellant's] challenge regarding this juror was properly denied.

Trial Court Opinion, 4/21/15, at 23-24. I agree that the trial court should not have presumed prejudice, and given our deferential standard of review, I conclude that the trial court committed no abuse of discretion or error of law.

Additionally, in applying the above standard of review and the rationale from **Impellizzeri**, I would reach the same conclusion with respect to the other two jurors. While Juror No. 14 had seen media coverage of the case and was unsure she could reach an impartial verdict due to the use of a firearm and the death of an unborn child, and while Juror No. 22 had read about the case and admitted that he had formed an opinion concerning Appellant's guilt, Appellant did not establish that these jurors had a fixed, unalterable opinion that prevented them from rendering a verdict based

solely on the evidence and the law. After my review of the record, I cannot conclude that the trial court abused its discretion or committed reversible error warranting a new trial.[1]

Pursuant to our standard of review, I would affirm Appellant's judgment of sentence. Accordingly, I respectfully dissent.

_____

[1] Regarding Appellant's challenge to the weight of the evidence, I conclude that Appellant is entitled to no relief on this issue. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. **Commonwealth v. Sullivan**, 820 A.2d 795 (Pa. Super. 2003)). To grant a new trial on the basis that the verdict is against the weight of the evidence, this Court has explained that the evidence must be so tenuous, vague, and uncertain that the verdict shocks the conscience of the court. **Id**. at 806 (citation omitted). In the instant case, Appellant's theory of the case was that it was Fuller who was solely responsible for the crimes and that Appellant's version of events should be believed. Appellant's Brief at 20. Here, there is nothing shocking about the jury's verdict, and I discern no abuse of discretion in the trial court's decision denying Appellant's challenge to the weight of the evidence.