539 A.2d 444

**COMMONWEALTH of Pennsylvania,**

v.

**Deanndria PYETT, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 21, 1987.

Filed March 23, 1988.

Patricia M. Dugan, Philadelphia, for appellant.

George S. Leone, Assistant District Attorney, Philadelphia, for Com., appellee.

Before McEWEN, OLSZEWSKI and CERCONE, JJ.

CERCONE, Judge:

After a trial by jury appellant, Deanndria Pyett, was convicted of third degree murder and possession of an instrument of crime. Timely post-trial motions were filed and denied by the court following a hearing. Appellant was sentenced to ten (10) to twenty-five (25) years incarceration. This appeal from the judgment of sentence followed.

Appellant raises two issues for our review: whether the trial court erred in allowing the prosecutor to cross-examine appellant with inculpatory statements allegedly made to the police by a person who was neither present nor testified at trial, and whether the sentence imposed upon appellant was an abuse of the trial court's discretion.

Before turning to the merits of appellant's first contention, we must determine if the issue is properly before us. Subsequent to trial, the court informed appellant of her

right to file post-trial motions. Specifically, the court stated that the motions must be in writing and "must *spell out with specificity* the reasons why you are entitled to a new trial or a motion in arrest of judgment". (emphasis added) Failing to heed the court's directive, appellant filed "boilerplate" post-trial motions. Neither the docket entries filed with this court nor the notes of testimony adduced at the hearing on post-trial motions disclose that appellant requested or was granted permission by the court to file supplemental post-verdict motions. Yet, at the hearing on the motions, counsel for appellant revealed that she slipped a copy of the supplemental motions she wished to argue under the door of the judge's chambers and the court entertained argument on those motions. In her statement of matters complained of on appeal pursuant to Pa.R.A.P., Rule 1925, 42 Pa.C.S.A. appellant briefed the issues contained in her supplemental post-trial motions. The issues were addressed in the opinion of the court below.

The Commonwealth urges us to find that appellant has waived her right to argue on appeal that the lower court erred in allowing the Commonwealth, on cross-examination, to question her with inculpatory statements allegedly made to the police by a person who was neither present at trial nor appeared as a witness. The Commonwealth maintains this allegation was contained in appellant's supplemental post-trial motions which the record reveals were filed without the court's permission, and thus, not to be considered. *See* Pa.R.Crim.P., Rule 1123(a), 42 Pa.C.S.A. Appellant asserts that the trial court, by granting continuances of the hearing on post-trial motions due to the unavailability of transcripts, sanctioned the filing of supplemental motions even though appellant made no formal request on the record to do so. Further, appellant argues that a finding of waiver flies in the face of judicial economy as this court will likely be confronted with the issue that is waived in a Post Conviction Hearing Act (PCHA) petition. *See* 42 Pa.C.S.A. § 9541 *et seq.*

■ Our court has long held that assignments of error in the court below will not preserve any issue for appellate review, unless they state with specificity the issues complained of on appeal. *See Commonwealth v. Holmes,* 315 Pa.Super. 256, 259, 461 A.2d 1268, 1274 (1983) (en banc). Thus, appellant's post-trial motions which were presented in "boilerplate" fashion would appear to be waived. However upon request to the court, a defendant may be granted leave to file additional reasons for a new trial or in arrest of judgment but this is a matter of discretion with the trial court. *See Commonwealth v. Talley,* 456 Pa. 574, 318 A.2d 922 (1974). In *Commonwealth v. Sheaff,* 365 Pa.Super. 613, 530 A.2d 480 (1987) the court stated:

> While a custom appears to have developed whereby counsel, in filing original and timely post-trial motions, reserves the right to file additional motions, nothing in the rules permits unilateral extension of time, and in no event may supplemental motions be filed and heard *nunc pro tunc* unless filed in a reasonable time and with approval of the court.

*Id.,* 365 Pa.Superior Ct. at 618, 530 A.2d at 482.

In the case before us, appellant did not seek leave of court to file additional post-trial motions. Appellant relies on entries in the quarter session file which denote the grant of continuance on the hearing for post-trial motions, due to the unavailability of transcripts, as the court's acquiescence to the filing of supplemental post-trial motions. Appellant's reliance on the quarter session notations as being equivalent to permission to file supplemental post-trial motions is misplaced under *Sheaff, supra.* Appellant further seeks support from the fact that the court heard argument on her supplemental motions. But, the court in *Sheaff* opined, "We hold that the supplemental post-verdict motions did not preserve the issues for review (whether filed or merely submitted) despite the fact that the court below addressed them on the merits". *Id.,* 365 Pa.Superior Ct. at 618–19, 530 A.2d at 482. Furthermore, we do not find persuasive

appellant's inclusion in her Rule 1925 statement the issues contained in her supplemental post-trial motions or the trial court's discussion of the issue in its opinion. *See* Pa.R.A.P., Rule 1925, 42 Pa.C.S.A. In construing provisions of Rule 1925 requiring the filing of a statement of matters complained of with the lower court, an appellate court may not treat the statement of matters complained of as the equivalent of post-verdict motions. *See Commonwealth v. Silver*, 260 Pa.Super. 232, 393 A.2d 1239 (1978) *aff'd* 499 Pa. 228, 452 A.2d 1328 (1982). Also we decline appellant's invitation to review the issue for the sake of judicial economy so that it will not reappear in a later PCHA appeal. To do this would make a mockery of the Rules of Criminal Procedure through which the wheels of justice turn in an orderly fashion. Accordingly, we find that appellant has waived the issue regarding her cross-examination with alleged inculpatory statements made by a person who was not present in court or a witness at trial.

Likewise, appellant has waived her second issue which challenges the discretion of the lower court in imposing sentence. In order to preserve a sentencing issue which challenges the harshness of a sentence, it must be raised in a motion to modify sentence. Failure to do so constitutes waiver. *Commonwealth v. Boyce*, 304 Pa.Super. 207, 450 A.2d 83 (1982). In her motion to modify sentence appellant avers that the sentence is cruel and unusual punishment and that it exceeds the sentencing guidelines.[1] She does not assert that the court abused its discretion in sentencing. Hence, this issue is waived.

For the aforestated reasons, appellant's judgment of sentence is affirmed.

1. We note that were we to review this allegation, we would find it to be without merit. Perusal of the guidelines, in light of the sentences imposed, indicates that on each charge,—third degree murder and possession of an instrument of crime—appellant was sentenced within the standard range of the guidelines.