552 A.2d 710

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Derreck SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 1, 1988.

Filed Jan. 13, 1989.

Richard F. Maffett, Jr., Harrisburg, for appellant.

Theodore B. Smith, III, Assistant District Attorney, Harrisburg, for Com., appellee.

Before OLSZEWSKI, MONTGOMERY and HOFFMAN, JJ.

PER CURIAM:

This is a direct appeal from the judgment of sentence imposed upon the appellant after he was found guilty by a jury of perjury. Timely filed post-verdict motions were denied by the trial court and the appellant was sentenced to a term of imprisonment of two to four years and fined one hundred dollars. This appeal followed. For the reasons which follow, we are constrained to vacate the judgment of sentence and remand the matter for a new trial.

Before reaching the appellant's argument, a review of the pertinent facts is necessary. The appellant and Leslie Neely, together with a third individual named Leonard Miller, hired a taxi on November 12, 1985. After the driver had taken them to their desired location, the driver was assaulted and robbed. An investigation, which included the appellant's statement to the police identifying Miller as the robber, ultimately led to Miller being charged, tried, and convicted of the robbery. At the Miller trial, the appellant testified as a Commonwealth witness. In contradiction to his earlier statement, the appellant testified that Leslie Neely had committed the robbery. Subsequently, the appellant was arrested and charged with one count of perjury in connection with his testimony at the Miller trial. It is the conviction of that charge which gives rise to the instant appeal.

At the appellant's trial, the Commonwealth produced the testimony of the victim of the original robbery, George Masterson. He testified that while driving his taxi, he was hired by two black males and one black female. He drove the fares to an alley in the City of Harrisburg. There, as he was bending over to remove a package from the hatchback of the cab, he was struck on the back of the head by one of the passengers and robbed. The victim also testified

that both Leslie Neely and the appellant were considerably further away from him than was Miller at the time he was assaulted. Leslie Neely testified as to the commission of the robbery by Miller.

Also testifying at the appellant's trial was the investigating officer. He testified that he interviewed the appellant in the course of his investigation and that the appellant stated that Miller had robbed the cab driver. The officer recounted the appellant's testimony from the Miller trial, the basis for the perjury charge, by reading the pertinent portion of the transcript. On cross-examination, the officer read additional excerpts from the appellant's testimony at the Miller trial. These excerpts included statements offered by the appellant to explain the difference between his testimony and the statement he had earlier provided to the police. The appellant maintained that his statement to the investigating officer was false because he did not want his child, then being carried by Leslie Neely, to be born in jail. Thus, by implicating Leonard Miller, Neely was apparently able to retain her freedom and give birth. On redirect examination, and over defense counsel's objection, the Commonwealth had the officer read those excerpts from the appellant's testimony at the Miller trial wherein he acknowledged his prior criminal convictions of offenses in the nature of *crimen falsi*.[1] This, he argues, was error.

The trial court reasoned that it approved the Commonwealth's actions only after it had given permission for the appellant to have the officer read the excerpts wherein the appellant attempted to explain the contradiction. The trial court noted that before permitting the defense to introduce the excerpts of the appellant's attempted explanations, it cautioned the appellant that by doing so the Commonwealth would then have the right to introduce the excerpts of the transcript concerning the appellant's prior convictions. The trial court wrote:

1. The appellant acknowledged the following convictions: robbery, 1983; receiving stolen property, 1983; burglary, 1981; and, false reports to law enforcement agencies, 1981.

> The Court decided to permit the [testimony concerning the] prior convictions only after it had decided, over the Commonwealth's objection, to admit defendant's self serving testimony from the Leonard Miller trial. . . . To have permitted the introduction of defendant's prior testimony under the assumption that the Commonwealth had an ample opportunity to cross examine that testimony at a prior proceeding, but foreclose introduction of the primary cross examination of that prior proceeding would have denied the Commonwealth its right of cross examination.
>
> Defendant was advised that the Court would allow the evidence of [his] prior convictions if he chose to place his credibility directly in issue by introducing his prior testimony from the Miller trial. Thus, he had the opportunity to avoid the introduction of the prior crimes evidenced by not introducing his own prior testimony.

Trial court opinion, at 14–15.

The trial court concluded that when a defendant places his credibility directly in issue through the introduction of his prior testimony from a former trial, the reasons for allowing evidence of prior crimes involving dishonesty are identical to those present in the situation where the defendant actually takes the stand and testifies. The trial court relied on the recent Supreme Court decision in *Commonwealth v. Randall*, 515 Pa. 410, 528 A.2d 1326 (1987) for support of its position.

There are two factors which negate the reasoning of the trial court and the applicability of *Commonwealth v. Randall*. First, the appellant was a witness, and not a criminal defendant, at the Miller trial; second, he did not testify at his own trial. In *Commonwealth v. Randall, supra,* the Supreme Court modified the rule governing the admissibility of a testifying defendant's prior criminal history for the purpose of impeaching the defendant's credibility. The thrust of the decision was to permit such evidence "if the conviction was for an offense involving dishonesty or false statement, and the date of conviction or the last day of

confinement is within ten years of the trial date." *Id.,* 515 Pa. at 415, 528 A.2d at 1329. We do not read *Commonwealth v. Randall, supra,* as permitting the use of evidence of prior convictions as was done in this case. *See, Commonwealth v. Roots,* 482 Pa. 33, 393 A.2d 364 (1978); *Commonwealth v. Bighum,* 452 Pa. 554, 307 A.2d 255 (1973).

The importance of the distinction between the appellant's status as a witness at the prior proceeding, and his status as a defendant in his own trial, cannot be understated. "If a witness is also the defendant in a criminal trial, additional protections attach when evidence of prior convictions is offered to impeach." L. Packel & A. Poulin, Pennsylvania Evidence § 609.1 (1987). Generally, the credibility of any witness, other than an accused criminal defendant, is subject to being impeached either by cross-examination or introduction of competent evidence, of their prior convictions for crimes in the nature of *crimen falsi. Commonwealth v. Eubanks,* 511 Pa. 201, 512 A.2d 619 (1986); *Commonwealth v. Gordon,* 355 Pa.Super. 25, 512 A.2d 1191 (1986). The Supreme Court wrote:

> Considerations which require that prior convictions be excluded from evidence *against a defendant,* except for convictions involving *crimen falsi* which may be admitted under well-established rules, are not applicable to the question of what prior convictions may be admitted into evidence *against a complaining witness.*

*Commonwealth v. Eubanks,* 511 Pa. at 208, 512 A.2d at 623. (Emphasis in original). But *cf, Commonwealth v. Williams,* 371 Pa.Super. 509, 511, 538 A.2d 557, 558 (1988) (In determining that the impeachment of the most critical defense witness with his convictions for crimes which were not *crimen falsi* had only *de minimis* effect upon the jury, the Court concluded that the same rules apply for impeaching a witness as for impeaching a defendant.) As briefly discussed *supra,* the Supreme Court modified the "well-established rules" somewhat with their decision in *Commonwealth v. Randall, supra.* Another set of the well-estab-

lished rules under which a criminal defendant's prior convictions may be admitted is found at 42 Pa.C.S. § 5918, which provides:

No person charged with any crime and called as a witness in his own behalf, shall be asked, or if asked, shall be required to answer, any question tending to show that he has committed, ... or been convicted of any offense other than the one wherewith he shall then be charged, ...:

(1) he shall have at such trial, personally or by counsel, asked questions of the witness for the prosecution with a view to establish his own good reputation or character, or has given evidence tending to prove his own good character or reputation; or

(2) he shall have testified at such trial against a codefendant, charged with the same offense.

Moreover, where a defendant does not testify, his credibility as a witness is not an issue and there is no basis for allowance of evidence to demonstrate his unreliability as a witness. *Commonwealth v. Boyle*, 498 Pa. 486, 447 A.2d 250 (1982). *See also, Commonwealth v. Candia*, 286 Pa. Super. 282, 428 A.2d 993 (1981) (A defendant's past criminal activities may not be used to impeach him so long as he has not taken the stand and thereby not opened the door to cross-examination.)

Although the question is difficult, and apparently novel, we are unable to conclude that cross-examining a witness in a criminal trial with his prior criminal convictions of *crimen falsi* may be introduced in a subsequent proceeding where the witness is now the accused. This is especially true where, as here, the accusation of perjury is premised on the testimony offered by the defendant at the prior proceeding at which he acknowledged his prior criminal activity. The fact that the appellant recounted, on cross-examination of the police officer, the explanations offered at the Miller trial to justify the difference between his testimony and his statement to the police, does not alter this conclusion. Indeed, the perjury statute provides that retraction of a statement is a defense to the charge. 18 Pa.C.S. § 4902(d).

*See also,* 18 Pa.C.S.A. § 4902 Official Comment (The purpose of subsection (d) is to provide an incentive for the witness to promptly correct his falsehood in order to eradicate any harm which may have been caused by the falsehood in the proceeding where made). Thus, were we to accept the Commonwealth's argument, every defendant charged with perjury based upon testimony offered at a prior proceeding wherein they acknowledged their prior criminal convictions would be subjected to having those convictions admitted against them at their perjury trial simply because their testimony from the prior proceeding, which might very well establish the defense of retraction, as provided for by the perjury statute, was recounted. Such a practice is contrary to the added protection afforded a criminal defendant against the "tendency of a normal juror to accept testimony of prior convictions as a basis for finding a predisposition to commit the crime charged." *Commonwealth v. Bighum,* 452 Pa. at 566, 307 A.2d at 262.

Accordingly, we are constrained to vacate the judgment of sentence and remand the matter for a new trial.[2]

OLSZEWSKI, J., files a dissenting opinion.

OLSZEWSKI, Judge, dissenting:

After long reflection, I regret that I must disagree with my learned colleagues' conclusion that the case at bar requires reversal. While I agree with the majority that the case of *Commonwealth v. Randall,* 515 Pa. 410, 528 A.2d 1326 (1987), is inapplicable to the present situation, I do not agree that this fact, standing alone, warrants a new trial. I must, therefore, respectfully dissent.

As the majority correctly stated, *Commonwealth v. Randall, supra,* applies only to those situations where a defendant actually testifies at trial. It is clear, therefore, that the trial court should not have relied on this decision in affirming appellant's conviction. This fact, however, does not mandate reversal as an appellate court can affirm the

2. In light of our disposition of this issue, we need not reach the appellant's remaining arguments.

decision of a trial court on any basis even if the reasons given by the trial court for its decision are incorrect. *Commonwealth v. Allem*, 367 Pa.Super. 173, 532 A.2d 845 (1987). I believe just such a situation exists in the present case.

Appellant argues that the trial court erred by permitting the Commonwealth to introduce excerpts of testimony from another trial where, upon cross-examination, appellant acknowledged his prior criminal convictions. Perusal of the record, however, reveals that appellant's counsel initiated the review of appellant's prior testimony and even had admitted into evidence a portion of that testimony favorable to appellant. As previous panels of this Court have stated: "If a defendant delves into what would be objectionable testimony on the part of the Commonwealth, the Commonwealth can probe further into the objectionable area." *Commonwealth v. McCabe*, 345 Pa.Super. 495, 498 A.2d 933 (1985); *Commonwealth v. Sheaff*, 365 Pa.Super. 613, 530 A.2d 480 (1987). In *Sheaff*, we held that the trial court committed no error by allowing the Commonwealth to admit into evidence the remainder of a police report which contained the statement of a police officer who was not available to testify at trial, where the defendant had "opened the door" by first referring to the report and having a portion of it admitted into evidence. The analysis utilized by the *Sheaff* panel is equally applicable to the case at bar.

In the present case, appellant had, in effect, "opened the door" by having admitted into evidence that portion of his prior testimony that was favorable to his case. Moreover, the record indicates that before introducing this testimony, appellant was advised by the trial court that the Commonwealth would be allowed to introduce the remainder of his prior examination should he attempt to introduce only those favorable portions. Thus, appellant was by no means surprised by the Commonwealth's attempt to introduce the remainder of the testimony and had ample opportunity to avoid the introduction of his prior crimes by not introducing any of the prior examination. Under these circumstances,

appellant's claim of trial court error should have been rejected. To hold otherwise would allow a non-testifying defendant to submit self-serving testimony free from attack which he would otherwise not be able to do had he taken the stand and testified.

Accordingly, I would affirm the judgment of sentence of the trial court.