J-S65026-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WYNDEL DEVERO | |
| Appellant | No. 368 EDA 2014 |

Appeal from the Judgment of Sentence September 18, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007044-2011

BEFORE:  PANELLA, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:　　　　　　　**FILED NOVEMBER 05, 2014**

Appellant, Wyndel Devero, appeals from the judgment of sentence entered on September 18, 2013.  We affirm.

The relevant procedural history and factual background of this case is as follows.  On September 9, 2012, Appellant pled guilty to robbery,[1] conspiracy to commit robbery,[2] and possessing an instrument of crime.[3]  He was immediately sentenced to 8½ to 23 months' imprisonment followed by 60 months' probation with respect to the robbery conviction, 84 months' probation with respect to the conspiracy to commit robbery conviction, and 60 months' probation with respect to the possessing an instrument of crime

---

[1] 18 Pa.C.S.A. § 3701(a)(1)(ii).

[2] 18 Pa.C.S.A. § 903(a).

[3] 18 Pa.C.S.A. § 907(a).

* Retired Senior Judge assigned to the Superior Court

conviction. To the extent possible, the terms of probation were ordered to run concurrent. Appellant was immediately paroled.

On October 14, 2012, Appellant hit Dontell Cunningham ("Cunningham") over the head with a baseball bat. On November 8, 2012, Appellant was arrested and charged with, *inter alia*, aggravated assault. *See Commonwealth v. Devero*, CP-51-CR-0000262-2013. On May 3, 2013, prior to disposition of those charges, a parole revocation/*Gagnon II*[4] hearing was held pursuant to *Commonwealth v. Kates*, 305 A.2d 701 (Pa. 1973). The hearing was recessed until May 9, 2013 because Cunningham was subpoenaed to appear on that date. Cunningham failed to appear on May 9, 2013.

At the conclusion of the revocation hearing, the trial court found that Appellant had violated the terms of his parole and probation. It deferred sentencing pending the preparation of a pre-sentence investigation report. On September 18, 2013, the trial court revoked Appellant's parole and ordered him to serve the remainder of his back time with respect to the robbery conviction. It also revoked Appellant's probationary sentence and sentenced him to 10 to 20 years' imprisonment as to the conspiracy conviction (consecutive to the back time on the robbery conviction) and five years' probation as to the possession of an instrument of crime conviction.

---

[4] *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

On September 27, 2013, Appellant filed a post-sentence motion. The trial court denied the post-sentence motion that same day. On October 22, 2013, Appellant filed a notice of appeal. On November 13, 2013, Appellant filed a praecipe to discontinue the appeal because it was untimely. ***See Commonwealth v. Devero***, 2907 EDA 2013. On December 19, 2013, Appellant filed a counseled petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546. On January 31, 2014, the PCRA court granted the petition and restored Appellant's direct appeal rights *nunc pro tunc*. This appeal followed.[5]

Appellant raises three issues for our review:

1. Did the trial court err when it permitted the Commonwealth to introduce hearsay . . . and relied upon hearsay in determining that [Appellant] violated the terms of his probation where the hearsay consisted of, *inter alia*, unsworn, out of court statements made by [] Cunningham where [] Cunningham failed to appear on multiple occasions without explanation for the [revocation] hearing despite receiving notice, thus precluding cross-examination?

2. Was the properly admissible evidence insufficient as a matter of law to establish that [Appellant] violated the terms of his probation?

3. With respect to the sentence imposed upon [A]ppellant for a technical violation of probation, did the [trial] court abuse its discretion by imposing an unduly harsh and excessive aggregate sentence . . . ?

---

[5] On February 10, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). ***See*** Pa.R.A.P. 1925(b). On March 1, 2014, Appellant filed his concise statement. On March 26, 2014, the trial court issued its Rule 1925(a) opinion. All issues raised on appeal were included in Appellant's concise statement.

Appellant's Brief at 5.

Appellant's first issue challenges the trial court's admission of evidence at the revocation hearing. Specifically, he argues that Cunningham's statements to police were improperly admitted because Cunningham failed to appear for the revocation hearing. "The admission of evidence is committed to the sound discretion of the trial court, and our review is for an abuse of discretion." *Commonwealth v. Valcarel*, 94 A.3d 397, 398 (Pa. Super. 2014) (citation omitted).

At the revocation hearing, the Commonwealth began questioning Detective Linda Hughes regarding hearsay statements that were made by Cunningham after the incident in which he was attacked by Appellant. N.T., 5/3/13, at 11. Appellant objected, and the trial court sustained the objection. *Id.* On cross-examination, however, defense counsel questioned Detective Hughes regarding hearsay statements that Cunningham had made and were recorded on Form 48, a standard form used by the Philadelphia Police Department to memorialize witness interviews and criminal investigations. *Id.* at 14. The Commonwealth objected on the basis of the testimony being hearsay. *Id.* Defense counsel argued that the Form 48 was admissible as a business record. *Id.* at 14-15. The trial court agreed and overruled the Commonwealth's objection. *Id.* at 15. On redirect examination, the Commonwealth requested that Detective Hughes read the entirety of Cunningham's statement to police as recorded in the Form 48.

*Id.* at 18. Defense counsel objected on the basis of hearsay. *Id.* at 19. The trial court overruled the objection because it found that defense counsel had opened the door to that line of questioning. *Id.*

We conclude that the trial court did not abuse its discretion by finding that defense counsel had opened the door to that line of questioning. We find instructive this Court's *en banc* decision in **Commonwealth v. Fransen**, 42 A.3d 1100 (Pa. Super. 2012) (*en banc*), *appeal denied*, 76 A.3d 538 (Pa. 2013). In **Fransen**, defense counsel elicited hearsay testimony from a detective on cross-examination. *See id.* at 1118 (citation omitted). The Commonwealth followed up by asking the detective to disclose further hearsay testimony on the same subject. *See id.* (citation omitted). Defense counsel objected and the trial court overruled the objection, finding that defense counsel had opened the door to that line of questioning. *See id.* We affirmed. *Id.* We concluded that defense counsel's questioning of the detective permitted the Commonwealth to elicit further testimony from the detective to give the complete picture. *Id.*

A similar situation occurred in the case *sub judice*. Although in **Fransen** defense counsel had called the detective as if on cross, that fact does not alter our analysis. Instead, as in **Fransen**, Appellant elicited hearsay testimony from Detective Hughes. In so doing, Appellant opened the door to further hearsay testimony regarding the same issue in order to give the trial court the complete picture.

Likewise, in **Commonwealth v. Sheaff**, defense counsel referred to a portion of a police report and had the testifying officer read a portion of the report. 530 A.2d 480, 483 (Pa. Super. 1987), *affirmed*, 544 A.2d 1342 (Pa. 1988) (*per curiam*).[6] We held that such examination opened the door for the Commonwealth to enter the full-text of the non-testifying officer's report into evidence, even though it was inadmissible in the absence of defense counsel's initial questioning. **Sheaff**, 530 A.2d at 483 (citation omitted).

The same situation occurred in the case at bar. Appellant chose to refer to the Form 48 and have Detective Hughes answer questions based upon the contents of that document. The Commonwealth responded by having a significant portion of the Form 48 read into the record by Detective Hughes even though the trial court had prohibited the Commonwealth from pursuing that line of questioning on direct examination. As this Court has stated, "If [a] defendant delves into what would be objectionable testimony on the part of the Commonwealth, then the Commonwealth can probe further into the objectionable area." **Commonwealth v. Lewis**, 885 A.2d 51, 54–55 (Pa. Super. 2005), *appeal denied*, 906 A.2d 540 (Pa. 2006) (citation omitted). As Appellant opened the door to the Commonwealth's line of questioning, we conclude that the trial court did not abuse its

---

[6] The full-text of our Supreme Court's order in **Scheaff** can be found at **Commonwealth v. Moore**, 567 A.2d 701, 704 n.5 (Pa. Super. 1989), *appeal denied*, 575 A.2d 563 (Pa. 1990).

discretion by permitting the Commonwealth to probe further into the Form 48.

Appellant next contends that the evidence was insufficient to find that he violated the terms of his probation. A claim that the evidence was insufficient to prove that Appellant violated the terms of his probation is

> a question of law subject to plenary review. We must determine whether the evidence admitted . . . and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth . . . , is sufficient to support [a finding that the appellant violated the terms of his probation]. A reviewing court may not weigh the evidence or substitute its judgment for that of the trial court.

*Commonwealth v. Perreault*, 930 A.2d 553, 558 (Pa. Super. 2007), *appeal denied*, 945 A.2d 169 (Pa. 2008) (citation omitted).

As this Court has stated:

> A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct. Moreover, the Commonwealth need only make this showing by a preponderance of the evidence.

*Commonwealth v. Ortega*, 995 A.2d 879, 886 (Pa. Super. 2010), *appeal denied*, 20 A.3d 1211 (Pa. 2011) (citations and footnote omitted).

Appellant's main argument with respect to the sufficiency of the evidence is that the trial court improperly admitted Cunningham's statements to Detective Hughes. We have, however, concluded that those statements were properly admitted into evidence and therefore could be considered by the trial court. Appellant also argues that the trial court's

statements regarding the basis for finding Appellant violated the terms of his probation are troubling. In particular, he contends that the trial court's reference to Cunningham's "testimony" was erroneous. Although the trial court may have used imprecise language, there is no evidence that the trial court considered evidence not of record.[7]

Viewed in the light most favorable to the Commonwealth, the admitted evidence shows that Cunningham told Detective Hughes that Appellant twice hit him over the head with a bat and struck him in the knee with a bat three times. N.T., 5/3/13, at 18-19. This attack caused Cunningham to be fitted with a neck brace, to sustain multiple lacerations, and to sustain bumps on the top of his head. *Id.* at 7. Furthermore, Appellant admitted to Detective John Druding that he hit Cunningham with a baseball bat despite the fact that Cunningham was not armed. *See id.* at 24. Accordingly, we conclude that the evidence was sufficient for the trial court to find that Appellant violated the terms of his probation.

Finally, Appellant contends that the trial court abused its discretion in imposing an excessive sentence. This claim does not challenge the revocation of Appellant's probation. Rather, Appellant's claim challenges the discretionary aspects of his sentence. *See Commonwealth v. Schutzues*,

---

[7] We acknowledge that, at sentencing, the trial court referenced prior testimony by Cunningham that had not been admitted into evidence. *See* N.T., 9/18/13, at 18-19. However, it is clear from the record that the trial court disregarded that testimony. *See id.* at 19 ("We don't know whether you had a gun, but we certainly know you had a baseball bat because you beat [] Cunningham pretty seriously.").

54 A.3d 86, 91 (Pa. Super. 2012), *appeal denied*, 67 A.3d 796 (Pa. 2013); **Commonwealth v. Rhoades**, 8 A.3d 912, 916 (Pa. Super. 2010), *appeal denied*, 25 A.3d 328 (Pa. 2011). "[T]his [C]ourt's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." **Commonwealth v. Cartrette**, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*).

We note that "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." **Commonwealth v. Clarke**, 70 A.3d 1281, 1287 (Pa. Super. 2013), *appeal denied*, 85 A.3d 481 (Pa. 2014) (citation omitted). Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. **See** 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. **Id.**

As this Court has explained:

> To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

**Commonwealth v. Cook**, 941 A.2d 7, 11 (Pa. Super. 2007); **see also Commonwealth v. Kalichak**, 943 A.2d 285, 289 (Pa. Super. 2008) ("when

a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that sentence either by objecting during the revocation sentencing or by filing a post-sentence motion"). Appellant filed a timely notice of appeal and the issue was properly preserved in a post-sentence motion.[8] Appellant's brief also includes a statement pursuant to Pennsylvania Rule of Appellate Procedure 2119(f). Thus, we turn to whether the appeal presents a substantial question.

Since Appellant was sentenced following the revocation of probation, the sentencing guidelines do not apply to Appellant's sentence. 204 Pa. Code § 303.1(b); *Commonwealth v. Williams*, 69 A.3d 735, 741 (Pa. Super. 2013), *appeal denied*, 83 A.3d 415 (Pa. 2014).[9] Nevertheless, in sentencing Appellant, the trial court was required to "consider the general principles and standards of the Sentencing Code." *Commonwealth v. Russell*, 460 A.2d 316, 322 (Pa. Super. 1983). Section 9721 expresses these general principles in the following manner:

---

[8] The Commonwealth contends that Appellant's post-sentence motion lacked the particularity required by this Court's decision in *Commonwealth v. Reeves*, 778 A.2d 691, 692-693 (Pa. Super. 2001). We have reviewed Appellant's post-sentence motion and conclude that Appellant's arguments relating to the excessiveness of his sentence met the particularity requirements set forth in *Reeves*.

[9] As Appellant notes, our General Assembly has required that sentencing guidelines be promulgated for probation revocation proceedings. *See* 42 Pa.C.S.A. § 2154.4. The Pennsylvania Commission on Sentencing, however, has failed to comply with this mandate in the six years since its enactment.

the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b).  As we have explained:

The determination of whether a particular case raises a substantial question is to be evaluated on a case-by-case basis. Generally, however, in order to establish that there is a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

*Commonwealth v. Marts*, 889 A.2d 608, 612 (Pa. Super. 2005) (internal citations omitted).

In his Rule 2119(f) statement, Appellant states that the trial court's sentence of 10 to 20 years' incarceration for a technical probation violation is excessive.  He contends that he was a good candidate for rehabilitation.  He also argues that the trial court failed to consider certain mitigating factors. Finally, Appellant argues that the lack of sentencing guidelines for probation revocation proceedings requires this Court to closely monitor the sentences imposed upon revocation of probation.

In *Commonwealth v. Sierra*, this Court held that "[o]n appeal from a revocation proceeding, we find a substantial question is presented when a sentence of total confinement, in excess of the original sentence, is imposed as a result of a technical violation of parole or probation."  752 A.2d 910, 913 (Pa. Super. 2000).  In the case at bar, Appellant was sentenced to total confinement for a period exceeding his original sentence for a technical

- 11 -

violation of his probation. Accordingly, this case presents a substantial question and we will address the merits of Appellant's challenge to the discretionary aspects of his sentence.

Appellant first contends that the gravity of his offense was relatively low. He argues that he was only acting in self-defense when striking Cunningham over the head with the bat. That, however, assumes that Appellant's version of the events was true. The trial court did not credit Appellant's version of events. Instead, the evidence shows that Appellant caused serious bodily injury to Cunningham by striking him over the head with a baseball bat. Such violent behavior certainly was a very serious offense. Thus, Appellant's argument that the gravity of the offense was low is without merit.

Appellant next contends that a long term of imprisonment was not necessary to protect the public. Specifically, Appellant claims that because the victim in this case was a family member, a long term of imprisonment is excessive. Appellant's family, however, is also a part of the public. Appellant's family is deserving of the protection of the court system and Appellant obviously presents a threat to the safety of his family members. Furthermore, Appellant's attack was not a victimless crime. The fact that he was willing to attack a family member with a baseball bat shows that he is willing to attack members of the public as well. This is confirmed by the crimes he originally pled guilty to, *i.e.*, robbery and related offenses. Thus,

a significant term of imprisonment was both reasonable and necessary to protect the public.

Appellant also contends that the trial court did not meaningfully consider Appellant's rehabilitative needs. The trial court found that it did not "know whether [Appellant could] be rehabilitated ever. [He] can't be rehabilitated anytime soon." N.T., 9/18/13, at 20. The trial court went on to discuss the need for Appellant to reflect upon his actions and to learn a trade while in prison. *Id.* at 21. This discussion by the trial court evidences its careful consideration of Appellant's rehabilitative needs when it crafted the sentence. It determined that Appellant would need to spend a significant period of time in prison in order to be rehabilitated. This was not an abuse of discretion.

Appellant relies heavily upon the pre-sentence investigation report in arguing that he could be rehabilitated. Appellant, however, fails to recognize that the trial court took this section of the pre-sentence investigation report into account as the report suggested that Appellant participate in a vocational training program. As noted above, the trial court recommended vocational training at Appellant's sentencing hearing. There is nothing in the pre-sentence investigation report, or elsewhere in the record, to suggest that Appellant could be rehabilitated in a short period of time.

Appellant notes that at the time of sentencing his aggravated assault charge was still pending and argues that resolution of that matter could warrant further review of the trial court's probation violation sentence. We take judicial notice, however, that the Commonwealth has *nolle prossed* all of the charges in that case. **See Commonwealth v. Devaro**, CP-51-CR-0000262-2013. Thus, Appellant is only being punished with a probation violation sentence for his violent conduct.

Finally, Appellant points to his difficult childhood as a mitigating factor. However, millions of children in this nation are raised without a father and approximately 500,000 children a year spend time in foster care. Yet, the vast majority of those children do not beat a family member over the head with a baseball bat while on probation for a robbery conviction. In this case, the trial court carefully considered both aggravating and mitigating circumstances. Appellant committed this violent act a mere six months after being paroled for his prior violent felony, robbery. The trial court determined that a significant period of incarceration was warranted. We conclude that the trial court's determination and its ultimate sentence was not an abuse of discretion.

In sum, we conclude that the trial court properly admitted the statements made by Cunningham to Detective Hughes. The trial court correctly found that there was sufficient evidence to conclude that Appellant had violated the terms of his probation. Finally, we conclude that the trial

court did not abuse its discretion in sentencing Appellant to 10 to 20 years' imprisonment, consecutive to his back time, for violating the terms of his probation. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/5/2014